Susan Martin (AZ#014226)
Daniel Bonnett (AZ#014127)
Jennifer Kroll (AZ#019859)
Michael Licata (AZ#033941)
Martin & Bonnett, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900; Facsimile: (602) 240-2345
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com
mlicata@martinbonnett.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Volk, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | COMPLAINT |
| vs. | |
| George A. Steil and Barbara Steil, individually, and as husband and wife; Jennifer Steil and John Doe Steil, individually, and as husband and wife; Steil Corporation, an Arizona corporation; G.G. & B, Inc., an Arizona corporation; Sub Three Inc., an Arizona corporation; ABC entities 1-20; and John and Jane Does 1-20, | |
| Defendants. | |

Plaintiff, Lisa Volk ("Plaintiff"), individually and on behalf of all similarly situated current and former employees of Defendants, alleges as follows:

1.  This case arises out of unlawful employment practices. Specifically, George A.

1

Steil, Barbara Steil, Jennifer Steil, Steil Corporation, Sub Three, Inc., and G. G. & B., Inc. (collectively, "Defendants") have failed to pay and refused to pay overtime compensation and the applicable minimum wages in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et. seq.* and Arizona's wage statutes, Ariz. Rev. Stat. §§ 23-350 *et. seq.* and 23-363 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. § 216(b). This Court has jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because they are domiciled and regularly transact business in and have significant continuous contact with this District.

4. Steil Corporation and G. G. & B., Inc. are each Arizona corporations domiciled in this District and each transacts business in this District. In annual reports filed with the Arizona Corporation Commission, Steil Corporation and G. G. & B., Inc. each list their address as 609 E. Silver Creek Rd., Gilbert, AZ 85296. In the same public filings, George and Barbara Steil also list their address as 609 E. Silver Creek Rd., Gilbert, AZ 85296. On information, 609 E. Silver Creek Rd., Gilbert, AZ 85296 is a residence owned by George and Barbara Steil.

5. Sub Three Inc. is an Arizona corporation that was administratively dissolved in 2015. During the relevant time period, it was domiciled and transacted business in this District. In annual reports filed with the Arizona Corporation Commission, Sub Three Inc. lists its address as PO Box 722, Gilbert, AZ 85299. In the same filings, George A. Steil lists his address as 609 E. Silver Creek Rd., Gilbert, AZ 85296.

6. At all relevant times, Defendants were, and/or continue to be, engaged in interstate commerce as defined by the FLSA.

7. Venue is proper under 28 U.S.C. § 1391(b) as Defendants are domiciled and regularly transact or transacted business in Maricopa County, Arizona.

**PARTIES**

8. Defendant Steil Corporation ("Steil Corp.") is a corporation organized under the laws of Arizona, is in good standing, is authorized to conduct business and is transacting business in Arizona.

9. Defendant G. G. & B., Inc. ("GG&B") is a corporation organized under the laws of Arizona, is in good standing, is authorized to conduct business and is transacting business in Arizona.

10. Defendant Sub Three, Inc. ("Sub Three") is a corporation organized under the laws of Arizona and was administratively dissolved in 2015. During the relevant time period, however, Sub Three was authorized to conduct business in Arizona and, in fact, transacted business in Arizona.

11. In documents filed with the Arizona Corporation Commission during the relevant timeframe, Defendant George Steil is and was listed as the President/CEO, Secretary, and only Director of Steil Corp. and GG&B. He is also listed as the President/CEO, Secretary, and a Director of Sub Three. He is listed as the only person holding more than 20% of any class of shares issued by each corporation, or having more than 20% beneficial interest in the corporations.

12. Defendant Barbara Steil is listed in documents filed with the Arizona Corporation Commission as the statutory agent for Steil Corp. Upon information, Defendant Barbara Steil is also the spouse of George Steil and is joined in this action for the purpose of joining the marital community of George Steil (hereinafter, the "George Steil Marital Community"). All acts and omissions hereinafter alleged to have been committed by Defendant George Steil, are also alleged to have been taken on behalf of the George Steil Marital Community.

13. Steil Corp., GG&B, and Sub Three are owned and controlled by Defendant George Steil and/or the George Steil Marital Community. During the relevant time period, Defendant George Steil and/or the George Steil Marital Community, acting through Steil Corp, GG&B, and Sub Three, has owned, operated and controlled three known Subway

1 franchise restaurants at separate locations: 2824 N. Power Rd., Mesa, AZ 85215; 450 S. Sossaman Rd., Mesa, AZ 85208; and; and 1021 N Ellsworth Rd., Mesa, AZ 85207.

14. Upon information, and at all relevant times, Defendant George Steil possessed and exercised direct and/or indirect managerial and operational control as well as oversight and direction over Steil Corp., GG&B, and Sub Three, and each of their employees, including Plaintiff, by, among other things, having authority to hire and fire employees, controlling conditions of employment, determining the rate and method of payment of wages and hours worked by employees, maintaining or failing to maintain employment records, and scheduling and controlling employee work schedules either directly or through supervisors/managers.

15. Upon information, Defendant Jennifer Steil is the daughter of George and Barbara Steil. Defendant John Doe 1 is named as a Defendant solely for the purpose of Arizona's community property laws and to join the Marital Community, if any, of Jennifer Steil (hereinafter, the "Jennifer Steil Marital Community"). All acts and omissions herein alleged to have been committed by Defendant Jennifer Steil are also alleged to have been taken on behalf of the Jennifer Steil Marital Community.

16. At all times relevant, Defendant Jennifer Steil possessed, exercised, and/or shared direct and/or indirect managerial and operational control as well as oversight and direction over Steil Corp., GG&B, and Sub Three, and each of their employees, including Plaintiff, by, among other things, having authority to hire and fire employees, controlling conditions of employment, determining the rate and method of payment of wages and hours worked by employees, maintaining or failing to maintain employment records, and scheduling and controlling employee work schedules either directly or through supervisors/managers.

17. Defendants George Steil, Jennifer Steil, Steil Corp., GG&B, and Sub Three, and any related business entity which they own, control, or with whom they partner or operate, regularly engage in the same or similar activities, share a common business purpose, and operate under a unified operation or common control so as to constitute an "enterprise" within the meaning of Section 3(r) and (s) of the FLSA. 29 U.S.C. § 203 (r) and (s).

18.     Defendants George Steil, Jennifer Steil, Steil Corp., GG&B, and Sub Three are each a "person" and during the relevant time period, are or were Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(a) and (d) and within the meaning of Ariz. Rev. Stat. §§ 23-350 and 23-362. In the alternative, these Defendants are "joint employers" and/or the alter egos of each other.

19.     Plaintiff Lisa Volk is a resident of Maricopa County, Arizona.

20.     Plaintiff was employed by Defendants from on or about December 26, 2015 to on or about April 8, 2017 performing manual labor under the job title "Sandwich Artist" and worked at Defendants' Subway restaurants. During the relevant time period, the primary duties of Plaintiff included (but were not limited to) greeting customers, assisting and serving customers with food and beverage orders, handling and preparing food and beverage items, operating cash registers, cleaning, stocking, receiving, and storing products and supplies, and performing other manual tasks as assigned. During her employment, Plaintiff spent some or all of her worktime at each of Defendants' three Subway franchise restaurant locations.

21.     At all relevant times, Plaintiff and all similarly situated employees described herein, were and are non-exempt "employee[s]" within the meaning of 29 U.S.C. §§ 203(e), 206, 207 & 213 and "employee[s]" under Ariz. Rev. Stat. §§ 23-350 and 23-362.

22.     At all relevant times during her employment with Defendants, pursuant to Defendants' policy and pattern or practice, Plaintiff regularly worked for Defendants' benefit for periods of time without payment of all compensation due to her under the law. For periods of time during her employment, Defendants did not pay Plaintiff and similarly situated employees the required minimum wages and did not pay them overtime compensation at the statutorily-required rates of pay for all hours worked for Defendants' benefit in excess of 40 hours in a workweek.

23.     ABC Entities 1-20 and John and Jane Does 2-20 are fictitiously-identified Defendants whose true names and legal capacities are presently unknown but who are believed to have committed acts and omissions rendering them liable to Plaintiff for the

remedies sought in this action.  Upon discovery of the proper names, leave of court will be requested to substitute the true names of such Defendants.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff brings wage claims on behalf of herself and all similarly situated employees described herein who work or who have worked for Defendants and who elect to opt into the FLSA claims asserted in this action and who fall within the definition of the proposed class for purposes of the state law wage claims.

25. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and similarly situated employees. Defendants' failure to pay Plaintiff and similarly situated employees the applicable minimum wage for all hours worked and failure to pay overtime compensation at the required rate of pay for all hours worked in excess of forty (40) hours in a workweek results from Defendants' standard policy and business practices.

26. Members of the proposed class of these current and former employees of Defendants are readily identifiable, and all similarly situated employees who perform or have performed similar duties, responsibilities, and activities, were and are harmed by Defendants' unlawful decision refusing and failing to pay the applicable minimum wages and overtime compensation at the premium rate of pay. Notice should be sent to the proposed class members pursuant to 29 U.S.C. § 216(b).

27. Plaintiff also brings this lawsuit on behalf of herself and all others similarly situated for violations of Arizona's wage statutes under the provisions of Rule 23 of the Federal Rules of Civil Procedure and arising from Defendants' failure to timely pay all wages due as required by state law. Judicial economy dictates that the issues raised here be resolved in a single action.

28. The proposed class ("Class" or "Class Members") is defined as the following:

> All persons currently or formerly employed by Defendants on or after December 21, 2014 as Sandwich Artists and all similarly situated employees who performed or are performing manual labor relating to the preparation and/or service of food or beverage items to Defendants' Subway restaurant customers and who have not been paid the applicable minimum wage for

   each hour worked or overtime wages at the required premium rate of pay for all hours worked in excess of forty (40) hours during one or more workweeks.

29.  Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Arizona wage statutes, including (but not limited to):

  a.  willfully failing to pay employees, including Plaintiff and Class Members, for all hours worked at the required rates of pay, including applicable minimum wage for each hour worked and overtime wages at the required premium rate of pay for all hours worked in excess of forty (40) hours during one or more workweeks;

  b.  willfully failing to keep records of all the time that employees, including Plaintiff and Class Members, have worked for the benefit of Defendants;

  c.  willfully failing to keep accurate payroll records as required by law; and

  d.  failing to timely pay Plaintiff and Class Members all wages due within the time required by law.

30.  The requirements for maintaining this action as a class action under Federal Rule of Civil Procedure 23(a)(1) are satisfied in that there are too many Class Members for joinder of all of them to be practicable. Upon information, there are more than 20 members of the proposed Class.

31.  The claims of the Class Members raise common questions of fact and law regarding recording of all hours worked and non-payment of all wages legally due, thereby satisfying the requirements of Federal Rule of Civil Procedure 23(a)(2).

32.  Plaintiff's claims are typical of the claims of the Class Members and, therefore, satisfy the requirements of Federal Rule of Civil Procedure 23(a)(3). Plaintiff and the Class Members work or have worked for Defendants in Defendants' Subway restaurants under common management and control and have not been timely paid the applicable minimum wage for all hours worked or overtime compensation at the statutorily required premium rate of pay for all hours worked in excess of 40 hours per workweek.

33. Plaintiff will fairly and adequately represent the interests of the proposed Class and, therefore, satisfies the requirements of Federal Rule of Civil Procedure 23(a)(4).

34. Plaintiff has retained counsel who meet the requirements of Federal Rule of Civil Procedure 23(g). Plaintiff's counsel are competent and experienced in complex class action lawsuits and, more specifically, in labor, employment, and wage and hour litigation.

35. All the requirements of Federal Rule of Civil Procedure 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants. Individual actions would also present a risk of adjudications that would, as a practical matter, be dispositive of the interests of other members who are not parties.

36. All the requirements of Federal Rule of Civil Procedure 23(b)(2) are satisfied in that Defendants' actions affect or have affected all Class Members in the same manner, making final declaratory and injunctive relief appropriate with respect to the Class as a whole.

37. All the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied in that the questions of law and fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy.

**GENERAL ALLEGATIONS**

38. Defendants employ or have employed Plaintiff and those current and former employees similarly situated under the job title of Sandwich Artist or some other job title and jointly control these employees' work.

39. Plaintiff and similarly situated current and former employees are or were employees whose job duties and responsibilities are not exempt from the requirements to pay minimum wages and overtime at the statutorily applicable rates of pay.

40. The primary duties of Sandwich Artists and all similarly situated employees who work under the same or some other job title include (but are not limited to) greeting customers, assisting customers with orders, maintaining food safety and sanitation standards, preparing and serving food and beverage items to Defendants' Subway

8

restaurant customer specifications, operating cash registers, cleaning and performing other manual duties as directed.

41. Plaintiff and similarly situated current and former employees rarely, if ever, exercise true discretionary power regarding matters of significance.

42. Plaintiff and similarly situated current and former employees were not and are not relatively free from supervision regarding matters of significance.

43. At all times relevant, as a single enterprise, Defendants Steil Corp., GG&B, and Sub Three are and were subject to the requirement that any employee whose work for any one or more than one company totals more than forty (40) hours in a workweek be paid minimum wages and overtime wages at the statutorily applicable rates of pay.

44. Defendants also had a common policy and practice of requiring Plaintiff and Class Members to work at more than one of Defendants' Subway franchise restaurant locations, instructing them when to leave one location and to arrive at another, and not counting this travel time as time worked as required by 29 C.F.R. § 785.38.

45. Plaintiff and similarly situated current and former employees routinely and regularly worked for Defendants in excess of forty (40) hours per workweek without being paid overtime wages at the statutorily applicable rates of pay.

46. Plaintiff and similarly situated current and former employees routinely and regularly worked for Defendants without being paid minimum wages at the required rate of pay for all hours worked.

47. Upon information and belief, Defendants' failure to pay Plaintiff and similarly situated current and former employees applicable minimum wage and overtime wages at the statutorily required rates of pay was willful and without justification or authorization.

48. Upon information, Defendants have not and do not keep accurate payroll records of all hours worked by Plaintiff and members of the Class as required by the FLSA.

///

///

///

## COUNT I

### FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. § 201, *et seq*. (On Behalf of Plaintiff and All FLSA Class Members)

49. Plaintiff realleges and incorporates all allegations in all preceding paragraphs as if fully set forth.

50. Defendants have engaged in a pattern and practice of violating the FLSA, as set forth herein.

51. The minimum wage provisions of the FLSA, 29. U.S.C. § 206(a), along with applicable federal regulations, 29 C.F.R. Part 513, require that Defendants pay Plaintiff and Class Members the applicable minimum rate of pay for each hour worked.

52. The maximum hours provisions of the FLSA, U.S.C. § 207(a), along with applicable federal regulations, 29 C.F.R. Part 778, require that Defendants pay Plaintiff and Class Members overtime pay at the rate of one and one-half times their regular rate of pay for each hour worked in excess of forth (40) hours in a work week.

53. The policies and pay practices of Defendants as further set forth herein including, but not limited to, failing to count travel time between Defendants' Subway restaurant locations as time worked, violates the FLSA by failing to properly pay Plaintiff and Class Members the applicable minimum rate of pay for all hours worked and overtime compensation at the statutorily required rate of pay for all hours worked each workweek in excess of 40 hours.

54. In the course of employment with Defendants, Plaintiff and Class Members worked the number of hours required of them by Defendants, many times in excess of 40 hours per week, but were not properly paid for all hours worked or overtime compensation at the required rates of pay.

55. The policies and pay practices of Defendants, as set forth, violate the FLSA by failing to properly pay Plaintiff and Class Members minimum wage for all hours worked and overtime compensation at the required rates of pay for those hours worked each

workweek in excess of 40 hours.

56.   Defendants violations of the FLSA are willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and Class Members.

57.   Because of Defendants' willful and unlawful acts, a three-year statute of limitations applies to the FLSA claims, pursuant to 29 U.S.C. § 255.

58.   Plaintiff and Class Members have been harmed and suffered damages by being denied minimum wage and overtime compensation and they were legally entitled to receive.

59.   As a result of Defendants' violations of the FLSA, Plaintiff and Class Members are entitled to declaratory and appropriate injunctive relief.

60.   As a result of Defendants' willful violations of the FLSA, Plaintiff and Class Members are entitled to recovery of minimum and overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

61.   By virtue of the forgoing, Class Members are entitled to court supervised notification of the pendency of this action and of his or her right to consent to becoming a party to this action by opting into this lawsuit in accordance with applicable provisions of the FLSA.

62.   Plaintiff has consented in writing to be a party to the proposed FLSA collective action, pursuant to 29 U.S.C. § 216(b) and her Consent to Sue form is attached to this Complaint as Exhibit A.

## **COUNT II**

**VIOLATION OF ARIZONA'S WAGE ACT**
**(On Behalf of Plaintiff and All Class Member)**

63.   Plaintiff realleges and incorporates all allegations in all preceding paragraphs as if fully set forth.

64.   At all times relevant to this action, Plaintiff and Class Members were each an "employee" and Defendants were and are each an "employer" within the meaning of and

subject to Ariz. Rev. Stat. §§ 23-350 and 23-362.

65. Ariz. Rev. Stat. § 23-351 provides, in part, that:

> A. Each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .
> ***
> C. Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date…

66. Ariz. Rev. Stat. § 23-363 requires employers to pay minimum wages at the applicable rates of pay set forth in the statute. Beginning in 2009, the applicable minimum rate of pay under Arizona state law was: $7.25 per hour for 2009 through 2010; $7.35 per hour during 2011; $7.65 per hour during 2012; $7.80 per hour during $2013; $7.90 per hour during 2014; $8.05 per hour during 2015; $8.05 per hour during 2016; and $10.00 per hour during 2017.

67. In addition, Ariz. Rev. Stat. § 23-364(H) further provides, in pertinent part, "A civil action to enforce this article may be commenced no later than two years after a violation last occurs, or three years in the case of a willful violation, and may encompass all violations that occurred as part of a continuing course of employer conduct regardless of their date.

68. Defendants have failed to pay Plaintiff and members of the Class minimum wages at the applicable hourly rates of pay for each hour worked as required by Ariz. Rev. Stat. § 23-363.

69. Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

70. As set forth above, the FLSA requires that employees such as Plaintiff and Class Members be paid overtime wages at the applicable premium rate of pay for all hours worked in excess of forty (40) hours per week. Defendants violated Ariz. Rev. Stat. § 23-351 by failing to pay all wages, including minimum wage and overtime pay due Plaintiff and members of the Class within the time periods specified in Ariz. Rev. Stat. §

23-351.

71. Because of Defendants' violations of Ariz. Rev. Stat. § 23-351, Plaintiff and members of the Class are entitled to an award of their unpaid wages with prejudgment interest thereon, treble the amount of such wages, and attorneys' fees and costs pursuant to Ariz. Rev. Stat. §§ 23-355, 23-364(G) & 12-341.01.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgement be entered against Defendants George Steil, the George Steil Marital Community, Jennifer Steil, the Jennifer Steil Marital Community (if any), Steil Corporation, G.G. & B, Inc., and Sub Three Inc., jointly and severally, and that the Court award the following relief, including but not limited, to:

A. Certification of the proposed Class of described herein for purposes of both the FLSA claims (Count I) and the Arizona state wage claims (Count II);

B. Certification of the FLSA claims (Count I) as a collective action under the FLSA, 29 U.S.C. § 216(b) and a class action of the Arizona state wage claims (Count II) pursuant to Federal Rule of Civil Procedure 23 for all purposes of liability and relief;

C. Appointment of Plaintiff, Lisa Volk, as Class Representative for the FLSA claims (Count I) and the Arizona state wage claims (Counts II) and appointment of undersigned counsel as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

D. A declaration that Defendants are joint employers and/or an "enterprise" for purposes of the FLSA;

E. A declaration that Defendants willfully violated the minimum wage and overtime provisions of the FLSA, as alleged herein;

F. A declaration that Defendants willfully failed to timely pay Plaintiff and Class Members all wages due in violation of the Arizona state law, as alleged herein;

G. An Order awarding, declaring, or otherwise providing Plaintiff and the Class all other such injunctive, equitable, and legal relief to which Plaintiff and the Class are or may be entitled whether or not specified herein;

H. Judgment for Plaintiff and the Class against Defendants for all unpaid wages

and overtime payments due them for the hours worked by them for Defendants, together with prejudgment interest at the applicable statutory rate;

   I.   Judgment for Plaintiff and the Class against Defendants for liquidated damages as set forth in 29 U.S.C. § 216(b);

   J.   Judgment for Plaintiff and the Class against Defendants for treble damages as set forth in Ariz. Rev. Stat. §§ 23-355 & 23-364(H);

   K.   An Order awarding Plaintiff and Class reasonable attorneys' fees along with expenses and costs pursuant to 29 U.S.C. § 216(b), Ariz. Rev. Stat. §§ 23-355 & 12-341.01, and/or the common fund theory; and

   L.   Any and all other legal and equitable relief the Court deems just and proper.

DATED this 21st day of December, 2017

>                         MARTIN & BONNETT, P.L.L.C.
>
>                         By: s/ Daniel L. Bonnett
>                            Daniel L. Bonnett
>                            Susan Martin
>                            Jennifer Kroll
>                            Michael Licata
>                            4647 N. 32nd Street, Suite 185
>                            Phoenix, Arizona 85018
>                            Telephone: (602) 240-6900
>
>                            *Attorneys for Plaintiff*